**Christ HAGINIKITOS**

v.

**UNITED STATES of America,
Appellant.**

**No. 17651.**

United States Court of Appeals
Third Circuit.

Argued June 12, 1969.

Decided June 30, 1969.

Thomas J. Alworth, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellant.

Howard A. Goldberger, Goldberger, Siegel & Finn, Newark, N. J., for appellee.

Before STALEY, FREEDMAN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This appeal by the government from an award of damages under the Federal Tort Claims Act, 28 U.S.C.A. § 1346 et seq. requires us to decide whether the district court's finding of negligence was "clearly erroneous." Wiseman v. United States, 327 F.2d 701 (3 Cir. 1964).

The plaintiff-appellee was an employee of an independent contractor which had contracted with the Department of the Army to paint certain buildings at the Picatinny Arsenal in New Jersey. While painting the outside frame of a second story window having parallel vertical bars to which two horizontal angle irons were apparently welded, the plaintiff grasped one of these horizontal irons for support. As a result, the angle iron tore loose from its fastening, causing the plaintiff to lose his balance and fall.

■ It is well settled that the tort liability of the United States under the Federal Tort Claims Act is governed by the law of the state in which the allegedly tortious act occurs. Harrison v. Blueberry Hill, 255 F.2d 730 (3 Cir. 1958). Thus, the duty of care owed by the government to the plaintiff is to be determined by the law of New Jersey, the situs of the accident. The parties agree that Section 343 of the Restatement of Torts, 2d, has been incorporated into the case law of the state. Zentz v. Toop, 92 N.J.Super. 105, 222 A.2d 290 (1966). That section provides:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition of the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger."

Based on the testimony before it, the trial court was warranted in concluding that it was foreseeable for the painter to grasp the angle iron. The government's own expert witness said that this was foreseeable. In addition, the lower court was justified in determining that "it was reasonable for plaintiff to assume that the angle iron which fell was affixed * * * with sufficient security to withstand any normal pull which plaintiff might apply * * * while adjusting his position upon the ladder."

■ The court further found that "the readiness with which the angle iron came away from its points of fastening to the vertical bars and the appearance and composition of the surfaces of these members after the separation amply justified the inference that the method and materials employed in affixing the horizontal bars were improper and inadequate." [1] Under such circumstances, it was not clear error for the fact-finder to

---

1. The government contends that this latter conclusion was based on expert testimony improperly admitted. The record indicates, however, that the district court afforded no weight to this expert's conclu-sions, clearly stating on several occasions during the witness' testimony that: "That is an ultimate factual conclusion to be drawn by the trier of fact, not sus-ceptible of expert testimony."

conclude that the government could have discovered this condition by the exercise of reasonable care.[2] Accordingly, the conduct of the government made it subject to liability under the provisions of Section 343, Restatement of Torts, 2d.

The judgment of the district court will be affirmed.

---

2. We do not pass upon the district court's reference to the doctrine of res ipsa loquitur which we do not view as necessary to the disposition of the case.